UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Gina M. Skidds,
    Claimant

    v.                                          Civil No. 05-cv-383-SM
                                                     Opinion No. 2006 DNH 060

Jo Anne B. Barnhart, Commissioner,
Social Security Administration
    Defendant


**O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant, Gina Skidds, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act") and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c.  The Commissioner objects and moves for an order affirming her decision.  For the reasons set forth below, the matter is remanded for further proceedings.


**Factual Background**

I.    Procedural History.

In the summer of 2003, claimant filed applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Act, alleging that she

had been unable to work since May 31, 2003, due to disc disease of the lumbar spine, chronic lumbar strain, hip and shoulder bursitis, and anemia.  Her applications were denied and she requested an administrative hearing.

On November 18, 2004, claimant and her attorney appeared before an Administrative Law Judge ("ALJ"), who considered claimant's applications de novo.  On February 23, 2005, the ALJ issued his decision, concluding that claimant retained the residual functional capacity to perform substantially all of the full range of sedentary work.  Accordingly, he determined that she was not disabled, as that term is defined in the Act, at any time prior to the date of his decision.

Claimant then sought review of the ALJ's decision by the Appeals Council and, in support of that request, submitted additional evidence that had not been available at the time of her administrative hearing: a "Physical Residual Functional Capacity Questionnaire" prepared by Dr. Michael O'Connell, M.D., a physician from whom claimant had recently begun receiving treatment.  Administrative Record ("Admin. Rec.") at 379-83.  On September 19, 2005, however, the Appeals Council denied her request for review, thereby rendering the ALJ's decision a final

decision of the Commissioner, subject to judicial review. Claimant then filed an action in this court, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that she is disabled within the meaning of the Act.  Subsequently, she filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 7).  The Commissioner objected and filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 8).  Those motions are pending.

II.  Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 9), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  Properly Supported Findings by the ALJ are
    Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence.[1] See 42 U.S.C. §§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the adverse position. See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."). See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222–23 (1st Cir. 1981).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence. See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984)

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

(citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence.  Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts."  Irlanda Ortiz, 955 F.2d at 769 (citation omitted).  Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings.  See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health & Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II.  The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  See also 42 U.S.C. § 1382c(a)(3).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment.  See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human

Services, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work.  See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, the claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

Provided the claimant has shown an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective

medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals a listed impairment;
>
> (4) whether the impairment prevents the claimant from performing past relevant work; and
>
> (5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520.  See also 20 C.F.R. § 416.920.  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or

>     whether a specific job vacancy exists for [her], or
>     whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm her decision.

**Discussion**

I.   Background - The ALJ's Findings.

In concluding that Ms. Skidds was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920.  Accordingly, he first determined that she had not been engaged in substantial gainful employment since her alleged onset date of May 31, 2003.  Next, he concluded that claimant suffers from "disc disease of the lumbar spine; chronic lumbar strain; hip and shoulder bursitis; and dysmenorrhea, impairments that are 'severe' within the meaning of the Regulations."  Admin. Rec. at 23.  Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or

medically equal any of the impairments listed in Part 404, Subpart P, Appendix 1.  Id.

The ALJ next concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of substantially all of the requirements of sedentary work.[2]  He also determined that, notwithstanding claimant's complaints of pain and fatigue, her capacity for sedentary work was "substantially intact and has not been compromised by any non-exertional limitations."  Admin. Rec. at 28.  At step four of the analysis, the ALJ concluded that, in light of claimant's ability to perform only sedentary work, she was incapable of returning to any of her prior jobs.  Admin. Rec. at 26.

---

[2]  "RFC is what an individual can still do despite his or her functional limitations.  RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

     Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform.  Relying upon the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2, tables 1-3, (also known as the "Grid"), he concluded that, given claimant's ability to perform substantially all of the requirements of sedentary work, and considering her age, education, and work experience, she "retains the capacity to adjust to work that exists in significant numbers in the national economy."  Admin. Rec. at 27.  Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, at any time through the date of his decision.

     In support of her motion to reverse the decision of the Commissioner, claimant advances three arguments.  First, she asserts that the ALJ failed to consider her non-exertional limitations (pain and fatigue) and, therefore, erred by relying on the Grid rather than securing the opinion of a vocational expert.  Next, she says the ALJ failed to adequately explain the basis for his decision to discount the credibility of claimant's assertions of disabling pain.  And, finally, she claims the Appeals Council erred in failing to discuss newly submitted evidence that was presented to it, but not the ALJ (i.e., the new Residual Functional Capacity Questionnaire completed by Dr.

O'Connell). In the alternative, she says because the new evidence is material and there was good cause for her failure to present it to the ALJ, the court should remand this matter pursuant to sentence six of 42 U.S.C. § 405(g). Because the last of claimant's three arguments has merit, the court need not address her other claims.

II. New and Material Evidence.

In the physical residual functional capacity questionnaire that he completed on behalf of claimant, Dr. O'Connell opines, among other things, that:

    1.    Claimant's pain and other symptoms would be severe enough to interfere with her attention and concentration "frequently" during a typical work day;

    2.    Claimant is capable of sitting for only about 10-15 minutes and standing for about 10 minutes before needing to change positions and/or walk around;

    3.    During the course of a typical work day, claimant could stand/walk for a total of less than two hours, and sit for a total of approximately two hours;

    4.    Claimant would need to take unscheduled breaks approximately each hour, lasting about 10 minutes, before she could return to work;

    5.    As a result of her impairments, claimant would likely miss work more than four days each month; and

>    6.   Claimant's impairments have existed since her
>         alleged onset date of May 31, 2003.

Admin. Rec. 379-83. Based upon those opinions of her treating physician (which were never presented to the ALJ), claimant asserts that this matter should be remanded, so the ALJ may reconsider his adverse decision in light of a more complete and comprehensive record.

In this circuit, there are two circumstances under which a social security matter may be remanded based upon new evidence, absent the consent of the Commissioner. The first is when new evidence is presented to the Appeals Council and the council refuses to grant review based upon an "egregiously mistaken ground." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). But, when the Appeals Council gives no detailed reason for its refusal to grant review, that decision is "effectively unreviewable." Id. at 6. In this case, while the Appeals Council acknowledged the new evidence presented by claimant, it gave no detailed reason(s) for its refusal to grant review. Admin. Rec. at 9-12. Consequently, the court cannot conclude that its administrative decision "rests on an explicit mistake of law or other egregious error." Mills, 244 F.3d at 5.

Alternatively, the court may remand a matter pursuant to sentence six of 42 U.S.C. § 405(g). To be entitled to a remand under that statutory provision, however, a claimant must demonstrate that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id. See also Evangelista v. Secretary of Health & human Services, 826 F.2d 136, 139-43 (1st Cir. 1987). Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). It is "material" if the ALJ might reasonably have rendered a different decision if it had been presented to him. Evangelista, 826 F.2d at 140. See also Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993) ("To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the [Commissioner's] determination.") (citations omitted); Rufino v. Apfel, 2 F. Supp. 2d 479, 484-85 (S.D.N.Y. 1998) ("the Second Circuit has identified a three-prong test that a [claimant] must meet to satisfy these criteria: (1) the evidence is new and not merely cumulative, (2) the evidence is material, meaning it is both relevant to [claimant's] condition during the time period

13

covered by the decision and it could have affected the decision had it been presented earlier, and (3) there is good cause for not having presented this new evidence earlier.") (citation omitted and internal punctuation omitted).

The evidence at issue in this case – the Physical Residual Functional Capacity Questionnaire prepared by Dr. O'Connell – meets each of the requirements of section 405(g). First, it is undeniably "new"; it was not prepared until April 28, 2005, more than two months after the ALJ issued his decision. It is also "material" insofar as it directly bears on the dispositive issue in this case: whether claimant retains the RFC for sedentary work, as well as the related question concerning the nature and extent of her alleged non-exertional limitations. And, finally, there is plainly "good cause" for claimant's failure to present the report to the ALJ – she did not begin treatment with Dr. O'Connell until after the ALJ issued his decision and Dr. O'Connell's report was not prepared until approximately two months after that. See e.g., Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988) ("The evidence in this case satisfies all three requirements. It is clearly new, noncumulative evidence because it includes an opinion of total disability from a treating physician and a vocational expert. No similar evidence

is introduced in the administrative record.  [Claimant's] treating physician during this recent hospitalization speculated that his physical limitations related back to May 1985, the date of the alleged onset of disability.  Such evidence, if not discredited by the [Commissioner], is material and could change the administrative result.  Finally, there is good cause for failing to present the evidence because it did not exist at the time of the administrative hearing or the district court proceedings.  Thus, [claimant's] motion to remand is granted and the [Commissioner] should consider [claimant's] new evidence when it reconsiders his case.") (citation omitted); Baran v. Bowen, 710 F. Supp. 53, 56 (S.D.N.Y. 1989) ("Because the reports were written after the administrative hearing took place, there is good cause for failure to incorporate them in the earlier proceeding.").

In light of the foregoing, the court concludes that remand under sentence six of 42 U.S.C. § 405(g) is appropriate.  The newly presented evidence reflects directly on claimant's ability to engage in substantial gainful activity and, if not effectively refuted or legitimately discounted by the Commissioner, suggests that she is totally disabled.  Accordingly, principles of fairness counsel in favor of affording claimant the opportunity to present this evidence to the Commissioner so she might render

her decision based upon a more complete and thorough understanding of claimant's impairments and their effect on her ability to perform work-related activities.

## Conclusion

Having carefully reviewed the administrative record and the arguments advanced by both the Commissioner and claimant, the court concludes that it is appropriate to remand this matter for further consideration. While the ALJ plainly cannot be faulted for having rendered his decision without the benefit of evidence that was never presented to him, claimant has demonstrated that the report prepared by Dr. O'Connell is both new and material. She has also shown good cause for failing to present it in a more timely manner.

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 7) is granted to the extent she seeks a remand for further proceedings. The Commissioner's motion to affirm her decision (document no. 8) is denied.

Pursuant to Sentence Six of 42 U.S.C. § 405(g), this matter is hereby remanded for further proceedings consistent with this

order.  The Clerk of Court shall administratively close the case but, for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, the court shall retain jurisdiction over this proceeding. Accordingly, the parties shall keep the court apprised of further developments.

    **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 24, 2006

cc:  Maureen A. Howard, Esq.
     David L. Broderick, Esq.