UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gina M. Skidds,
    Plaintiff

    v.                                      Civil No. 05-cv-383-SM
                                           Opinion No. 2008 DNH 079
Michael J. Astrue, Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

By prior order, the court reversed an adverse administrative decision by the Social Security Administration and remanded the case for further proceedings, following which a decision favorable to plaintiff was issued. See Skidds v. Barnhart, 2006 DNH 060 (D.N.H. May 24, 2006) (document no. 10). Plaintiff, Gina Skidds, now moves for an award of attorney's fees and costs under the Equal Access to Justice Act. The Commissioner opposes Skidds' motion for fees on grounds that the government's litigation position and agency action in this case were both "substantially justified" within the meaning of the EAJA.

For the reasons set forth below, plaintiff's motion for an award of attorney's fees is denied.

**Discussion**

The Equal Access to Justice Act ("EAJA") provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As a prevailing party, plaintiff would be entitled to recover her attorney's fees in this case, unless the government's position was substantially justified. The Commissioner bears the burden of showing that even though plaintiff's earlier motion to remand was granted, and the ALJ eventually resolved the case in her favor, still, the government's litigation position and the agency's action, had a "reasonable basis in law and fact" and was, therefore, "substantially justified." Morin v. Secretary of Health & Human Servs., 835 F. Supp. 1431, 1434 (D.N.H. 1993) (quotations omitted); see also United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 208 (1st Cir. 1992).

Even when the government's position is rejected by a court, if reasonable people could differ as to whether the government's position was appropriate, it is "substantially justified." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The Commissioner's initial decision denying Skidds' claim for benefits was reversed and remanded for one reason. The court determined that a remand, under sentence six of 42 U.S.C. § 405(g), was appropriate because plaintiff demonstrated both that new and material evidence was available, and good cause existed for her failure to present that evidence to the ALJ in the prior proceeding. See Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001); Evangelista v. Secretary of Health & Human Services, 826 F.2d 136, 139-43 (1st Cir. 1987).

The new evidence — a Physical Residual Functional Capacity Questionnaire prepared by her treating physician, Dr. Michael O'Connell — was "new" because plaintiff did not begin treating with Dr. O'Connell, and the report was not prepared, until after the ALJ issued his decision. It was "material" because, in the court's view, it bore directly on the dispositive issues in this case, i.e., whether plaintiff retained the residual functional capacity for sedentary work, as well as related questions regarding the nature and extent of her alleged non-exertional

limitations. And, though it was arguably a call that could have gone the other way, the court determined that if that evidence had been presented to the ALJ, a different outcome might have resulted. As it turned out, after the ALJ was given an opportunity to review the new evidence, a decision on the merits favorable to plaintiff was rendered.

As noted, the remand was pursuant to sentence six of 42 U.S.C. § 405(g). A remand of that type "frequently occurs because the claimant seeks to present new evidence of which the Agency or claimant was unaware at the time the [Commissioner's] benefits determination was made. Thus, in many sentence six cases the added expenses incurred by the claimant on remand cannot be attributed to any wrongful or unjustified decisions by the [Commissioner]." Shalala v. Schaefer, 509 U.S. 292, 310 (1993) (Stevens, J., concurring). In the remand order, this court stated that "the ALJ plainly cannot be faulted for having rendered his decision without the benefit of evidence that was never presented to him." Skidds, 2006 DNH 060, at 16. And the court of appeals has expressed a similar view, noting that the "ALJ can hardly be expected to evaluate or account for . . . evidence that he never saw." Mills, 244 F.3d at 4.

Here, the government has met its burden to show that its position was substantially justified within the meaning of EAJA, i.e., that it was "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565.  Indeed, plaintiff has not offered any developed legal or factual argument contradicting the government's showing.

Prior to remand, the Commissioner plausibly argued against a finding that the evidence proffered by claimant was material, pointing out that the physician's report appeared to have been completed by an assistant and not Dr. O'Connell himself; that the report's findings seemed based on only one or two examinations (perhaps performed by someone other than Dr. O'Connell) and, therefore, did not provide reliable bases for the conclusions expressed; that the medical findings were conclusory in nature; and, all in all, the report added up to little weight, unlikely to produce a different result if considered by the ALJ.

Even though the Commissioner did not prevail on those points, she[1] was still substantially justified in her position. See Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991); see also Roberge v. Chater, 1996 WL 636126 (D.N.H. September 19,

---

[1] At the time, the Commissioner of the Social Security Administration was Jo Anne B. Barnhart.

1996) (EAJA fees denied in social security case where remand was based on new evidence claim and further proceedings resulted in favorable decision for claimant); <u>Liles v. Chater</u>, 1995 WL 523625 (D.N.H. June 19, 1995) (same); <u>Leclerc v. Chater</u>, 1996 WL 537710 (D.N.H. July 31, 1996). In this case, absent remand due to new evidence (itself a close call), the ALJ's initial decision denying benefits would, in all likelihood, have been affirmed for the reasons argued by the Commissioner in her brief supporting her motion to affirm. Her position in seeking affirmance of the ALJ's initial order and her opposition to remand were substantially justified, and the ALJ's initial decision denying benefits was supported by substantial evidence and was reasonable, given the record then before him.

## Conclusion

Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (document no. 15) is denied, the government's agency action and litigation position having been substantially justified.

    SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

April 15, 2008

cc:   David L. Broderick, Esq.
      Maureen A. Howard, Esq.
      D. Lance Tillinghast, Esq.